**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Matthew Stivers**, **Dallin Huish**, and **Simeon Hall**, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

**Doori Inc.**, an Arizona corporation, **Sue Jung Kim and Paul Yonghwan Kim**, a married couple, and **Kyungmi Ko and Young Tae Nam**, a married couple,

Defendants.

No.

**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.***

Plaintiffs, Matthew Stivers, Dallin Huish, and Simeon Hall ("Plaintiffs"), individually, and on behalf of all other individuals similarly situated, sues the Defendants Doori Inc., Sue Jung Kim and Paul Yonghwan Kim (husband and wife), and Kyungmi Ko and Young Tae Nam (collectively "Defendants" or "Yen Sushi") and allege as follows:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## PRELIMINARY STATEMENT

1. This is a collective action for unpaid minimum wages and tips, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

3. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

4. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

5. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of Defendants who worked as tipped employees[1] and whose tips were not fully dispersed to them as required by the FLSA.

6. Plaintiffs bring this action against Defendants for their unlawful failure or refusal to allow Plaintiffs and other similarly situated employees to retain all their tips in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

7. Plaintiffs bring a collective action under the FLSA to recover the tips that Defendants improperly withheld from him individually and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

8. The Collective Members are all current and former employees who worked as Tipped Employees for Defendants at any time starting three years before this Complaint was filed, up to the present.

9. Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are attached to this Complaint as "**Exhibit A.**"

10. Defendants own, operate, or otherwise manage a chain of restaurants called Yes Sushi in Arizona. The restaurant at issue in this matter is the Yen Sushi restaurant

---

[1] For the purposes of this Complaint, "Tipped Employees" is exclusively a label used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff or the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

located at 15801 N. Frank Lloyd Wright Blvd., Scottsdale, AZ 85260 (the "Frank Lloyd Wright Location").

11. At all relevant times, Defendants have operated pursuant to a policy and practice of intentionally not allowing Plaintiffs and similarly situated employees to retain all tips they earned as required by the FLSA.

12. At all relevant times, pursuant to this practice, Defendants have willfully failed or refused to disperse to Plaintiffs and similarly situated employees to retain all tips earned as required by the FLSA.

13. In willfully failing or refusing to allow Plaintiffs and similarly situated employees to retain all tips earned as required by the FLSA, Defendants have violated the minimum wage and tipped employee provisions of 29 U.S.C. § 206.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**PARTIES**

16. At all times material to the matters alleged in this Complaint, Plaintiffs are individuals residing in Maricopa County, Arizona, and are former Tipped Employees of Defendants.

17. At all material times, Defendant Doori Inc. was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Doori Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

18. At all relevant times, Defendant Doori Inc. owned and operated as Yen Sushi, a restaurant doing business in the Phoenix Metropolitan Area

19. Under the FLSA, Defendant Doori Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Doori Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants. As a person who acted in the interest of Defendants in relation to Yen Sushi's employees, Defendant Doori Inc. is subject to liability under the FLSA.

20. Defendants Sue Jung Kim and Paul Yonghwan Kim are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Sue Jung Kim and Paul Yonghwan Kim are owners or managers of Yen Sushi and were at all relevant times Plaintiffs' employers as defined by the FLSA, 29 U.S.C. § 203(d).

21. Under the FLSA, Defendants Sue Jung Kim and Paul Yonghwan Kim are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Sue Jung Kim and Paul Yonghwan Kim had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants. As persons who acted in the interest of Defendants in relation to Yen Sushi's employees, Defendants Sue Jung Kim and Paul Yonghwan Kim are subject to individual liability under the FLSA.

22. Defendants Kyungmi Ko and Young Tae Nam are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Kyungmi Ko and Young Tae Nam are owners or managers of Yen Sushi and were at all relevant times Plaintiffs' employers as defined by the FLSA, 29 U.S.C. § 203(d).

23. Under the FLSA, Defendants Kyungmi Ko and Young Tae Nam are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Kyungmi Ko and Young Tae Nam had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in

connection with Plaintiffs' employment with Defendants. As persons who acted in the interest of Defendants in relation to Yen Sushi's employees, Defendants Kyungmi Ko and Young Tae Nam are subject to individual liability under the FLSA.

24. Plaintiffs are further informed, believe, and therefore allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

25. Defendants, and each of them, are sued in both their individual and corporate capacities.

26. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

27. At all relevant times, Plaintiffs were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

28. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

29. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

30. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

31. On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

32. On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

33. On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

34. On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

35. On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

36. On information and belief, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2025.

37. At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

38. At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in interstate commerce.

39. At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## FACTUAL ALLEGATIONS

40. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

41. Defendants own and/or operate as Yen Sushi, an enterprise that is a restaurant doing business in Maricopa County, Arizona.

**Matthew Stivers**:

42. In or around November 2024, Defendants hired Plaintiff Matthew Stivers to work for them as a server at the Frank Lloyd Wright Location.

43. At all relevant times, as a server, Plaintiff Matthew Stivers's primary job duties included customer service, running food, cleaning, and other various server-related duties.

44. At all relevant times, as a server, Plaintiff Matthew Stivers was compensated at an hourly rate of less than the applicable Arizona minimum wage during her employment on account of his receipt of tips.

45. Plaintiff Matthew Stivers worked for Defendants through approximately April 2025 when Plaintiff left his employment.

**Dallin Huish**:

46. In or around January 2023, Defendants hired Plaintiff Dallin Huish to work for them as a server at the Frank Lloyd Wright Location.

47. At all relevant times, as a server, Plaintiff Dallin Huish's primary job duties included customer service, running food, cleaning, and other various server-related duties.

48. At all relevant times, as a server, Plaintiff Dallin Huish was compensated at an hourly rate of less than the applicable Arizona minimum wage during her employment on account of his receipt of tips.

49. Plaintiff Dallin Huish worked for Defendants through approximately April 2025 when Plaintiff left his employment.

**Simeon Hall**:

50. In or around October 2022, Defendants hired Plaintiff Simeon Hall to work for them as a server at the Frank Lloyd Wright Location.

51. At all relevant times, as a server, Plaintiff Simeon Hall's primary job duties included customer service, running food, cleaning, and other various server-related duties.

52. At all relevant times, as a server, Plaintiff Simeon Hall was compensated at an hourly rate of less than the applicable Arizona minimum wage during her employment on account of his receipt of tips.

53. Plaintiff Simeon Hall worked for Defendants through approximately June 2023 when he left his employment.

54. At all relevant times, Defendants operated pursuant to a policy and practice of requiring Plaintiffs and the Collective Members to contribute tips they earned to a tip pool that included managers and/or supervisors.

55. Such tips were taken directly by management or ownership and were not distributed to other tipped employees or employees eligible to participate in a tip pool.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Instead, these tips went from Plaintiffs and the Collective Members – the people who earned them – directly to Defendants' managers and/or supervisors.

56. Defendants violated the CAA and FLSA by not allowing Plaintiffs to retain all the tips they earned, in violation of 29 U.S.C. §§ 203(m) and § 206(a).

57. Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

58. At all relevant times, Plaintiffs were non-exempt employees.

59. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of his rights under the FLSA.

60. Defendants wrongfully withheld tips from Plaintiffs by taking tips from Plaintiffs and giving them directly to their managers and/or supervisors.

61. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

62. Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid and improperly taken tips, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**INJURY AND DAMAGE**

63. Plaintiffs and the Collective Members suffered harm, injury, and damages, including financial loss, as a result of Defendants' conduct complained of herein.

64. Plaintiffs and the Collective Members were entitled to be paid the tips they earned. By withholding rightfully earned tips from Plaintiffs and the Collective

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Members, Defendants injured Plaintiffs and the Collective Members and caused them financial loss, harm, injury, and damage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

66. Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

67. Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated Tipped Employees of Defendants, whose tips were not fully dispersed to them as required by the FLSA during the relevant time period as a result of Defendants' policies and practices.

68. At all relevant times, in their work for Defendants, the Collective Members worked for an hourly wage for Defendants.

69. Plaintiffs seek to notify the following individuals of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All current or former Tipped Employees (or individuals with other similar job duties or titles), who are neither managers, supervisors, nor owners, who work(ed) for Defendants' Yen Sushi restaurant located 15801 N. Frank Lloyd Wright Blvd., Scottsdale, AZ 85260 at any time during the past three years before the filing of the Complaint up to the present.**

70. At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay employees all their owed tips.

71. These policies included managers and supervisors receiving portions of Plaintiffs' and the Collective Members' tips.

72. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical or substantially similar.

73. Plaintiffs and the Collective Members are hourly tipped employees who are entitled to receive tips.

74. Plaintiffs and the Collective Members regularly had Defendants' managers and/or supervisors keep portions of Plaintiffs' and the Collective Members' tips.

75. Defendants are aware that Plaintiffs and the Collective Members, on information and belief, work(ed) under these conditions, and yet Defendants still denied them their owed tips.

76. As such, the Collective Members are similar, if not identical, to Plaintiffs in terms of job duties, pay structure, and/or the denial of all tips owed.

77. Defendants' failure to pay tip compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

78. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

79. All class members, irrespective of their particular job requirements and job titles, are entitled to compensated for their owed tips.

80. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and the Collection Members' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all individuals employed by Defendants within three years from the filing of this Complaint.

81. Upon information and belief, Defendants have employed more than fifty (50) tipped employees during the period relevant to this action.

82. The identities of these individuals, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

83. Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

84. Collective adjudication is appropriate in this case because the individuals whom Plaintiffs wish to notify of this action have been employed in positions similar to Plaintiffs; have performed work similar to Plaintiffs; and have been subject to

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

compensation practices similar to those to which Plaintiffs have been subjected, including unlawful retention of tips otherwise required to be disbursed by the FLSA.

**COUNT ONE: FLSA – MINIMUM WAGE**
**PLAINITFFS & THE COLLECTIVE MEMBERS**
**IMPROPER TIP RETENTION**

85. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86. Plaintiffs and the Collective Members were non-exempt employees entitled to tips.

87. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised 29 U.S.C. § 203(m).

88. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

89. At all relevant times, Plaintiffs and the Collective Members were employed by Defendants within the meaning of the FLSA.

90. At all relevant times, Plaintiffs and the Collective Members were entitled to all of their tips.

91. Defendants' managers and/or supervisors kept portions of Plaintiffs' and the Collective Members' tips.

92. Defendants did not allow Plaintiffs and the Collective Members to retain all tips they earned, in violation of 29 U.S.C. § 203(m) and the CAA.

93. In addition to the amount of unpaid tips owed to Plaintiffs and the Collective Members, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

94. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs all their earned tips would violate federal law, and Defendants were aware of the FLSA's tip requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

95. Defendants' actions in failing to properly compensate Plaintiffs and the Collective Members, in violation of the FLSA, were willful.

96. Defendants have not made a good faith effort to comply with the FLSA.

97. Plaintiffs and the Collective Members are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

98. Plaintiffs are also entitled to class representative payments for bringing this lawsuit on behalf of themselves and the Collective Members.

**WHEREFORE**, Plaintiffs, Matthew Stivers, Dallin Huish, and Simeon Hall, individually, and on behalf of all others similarly situated, respectfully requests that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

A. Designation of this matter as a collective action on behalf of the Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b).

B. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by engaging in an illegal tip pool;

C. For the Court to declare and find that the Defendants willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by engaging in an illegal tip pool;

D. For the Court to award Plaintiffs damages for improperly withheld tips, to be determined at trial;

E. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

F. For the Court to award prejudgment and post-judgment interest;

G. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

H. Such other relief as this Court shall deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 2nd day of September 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060